IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02065-KLM-CBS

ALICE MARIE SIEMENS,

    Plaintiff,

v.

STEVE ROMERO, JR.,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Amend Complaint To Add Claim for Exemplary Damages** [Docket No. 19; Filed December 8, 2009] (the "Motion to Amend Complaint") and **Defendant's Motion to Amend Answer** [Docket No. 21; Filed December 18, 2009] (the "Motion to Amend Answer").  Defendant responded to Plaintiff's Motion to Amend Complaint [Docket No. 22; Filed December 23, 2009] and Plaintiff replied [Docket No. 23; Filed December 23, 2009].  Plaintiff responded to Defendant's Motion to Amend Answer [Docket No. 24; Filed December 28, 2009] and the deadline for Defendant's reply has passed.  These motions are ripe for resolution.  The deadline for amendment of pleadings was December 18, 2009, and both Motions are timely. For the reasons set forth below, the Motion to Amend Complaint is **GRANTED** and the Motion to Amend Answer is **GRANTED**.

**I.     Factual Background**

This action arises from a car accident in which Plaintiff alleges Defendant was

involved. According to Plaintiff, Defendant hit her car from behind, causing her various injuries. Plaintiff brings the instant action seeking to recover damages suffered. Defendant denies that he was responsible for the accident. The accident took place in Colorado, and Plaintiff, a citizen of Kansas, filed this action in federal district court, invoking the Court's diversity jurisdiction.

## II.   Plaintiff's Motion to Amend Complaint

In her Motion to Amend Complaint, Plaintiff requests leave to amend her Complaint to add a claim for exemplary damages. In considering Plaintiff's request, the Court is guided by COLO.REV.STAT. § 13-21-102 (2006). *See Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01890-BNB, 2007 WL 160951, *1-2 (D. Colo. Jan. 17, 2007) (discussing whether Federal Rule of Civil Procedure 15 or section 13-21-102 governs request to amend complaint to add claim for exemplary damages in diversity action, noting lack of definitive opinion on issue in Tenth Circuit, and deciding to apply state statute); *Witt v. Condominiums at the Boulders Ass'n*, No. 04-cv-02000-MSK-OES, 2006 WL 348086, at *7 (D. Colo. Feb. 13, 2006) (finding that court must give effect to Colorado statute in evaluating whether exemplary damages claim properly brought in diversity action); *see also Arapahoe County Water and Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *5-6 (D. Colo. Sept. 25, 2009) (applying without discussion COLO.REV.STAT. § 13-21-102(1)(a), not Rule 15, to determine whether to allow amendment to add exemplary damages claim in diversity action); *State Farm Mut. Auto Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 1011194, at *4-5 (D. Colo. April 15, 2009) (applying Colorado exemplary damages statute to determine whether amendment appropriate and considering evidence in light of Rule 15 obligation to freely

grant leave to amend); *E&S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2-3 (D. Colo. March 26, 2009) (same). Neither party argues otherwise, and both focus their arguments on the meaning and application of the Colorado state statute.

Pursuant to Colorado law, an award of exemplary damages is permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." COLO.REV.STAT. § 13-21-102(1)(a) (2006). "A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes *prima facie* proof of a triable issue." *Id.* § 13-21-102(1.5)(a).

Here, Plaintiff asserts that a claim for exemplary damages is appropriate because Defendant's conduct was "willful and wanton." "Willful and wanton conduct" is conduct "purposefully committed which the actor must have realized was dangerous, done heedlessly and recklessly, without regard to consequences or to the rights and safety of others, particularly the plaintiff." *Id.* § 13-21-102(1)(b). "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citations omitted); *see also U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. App. 2008) (describing willful and wanton conduct as conduct that "exhibits an intent consciously to disregard the safety of others [and] extends beyond mere unreasonableness" (quoting *Forman v. Brown*, 944 P.2d 559, 564 (Colo. App. 1996))).

The parties have made initial disclosures, and now, in order to establish *prima facie* proof of a triable issue, Plaintiff must articulate "[a] reasonable likelihood that the issue [of

whether Defendant's conduct was willful and wanton] will ultimately be submitted to the jury for resolution." *Arapahoe County Water*, 2009 WL 3158160, at *6 (quoting *Leidholt v. Dist. Court in and for the City and County of Denver*, 619 P.2d 768, 771 (Colo. 1980)).  At this stage of the litigation, the Court is concerned with only whether the evidence, when viewed in the light most favorable to Plaintiff, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of adding a claim for exemplary damages to her Complaint, and not whether such evidence is sufficient to defeat summary judgment.  *See Am. Econ. Ins. Co.*, 2007 WL 160951, at *3 (noting that when deciding appropriateness of amendment under section 13-21-102 court views evidence in light most favorable to moving party); *see also E&S Liquors, Inc.*, 2009 WL 837656, at *2 (noting that court views evidence in light most favorable to moving party on a motion to add claim for exemplary damages and differentiating standard from evaluation of whether evidence is sufficient to defeat summary judgment); *Amber Props., Ltd. v. Howard Elec. and Mech. Co., Inc.*, 775 P.2d 43, 46-47 (Colo. App. 1988) (finding that trial court required to submit question to jury if evidence, "viewed in light most favorable to the injured party . . . is such that a jury could find [circumstances warranting exemplary damages] beyond a reasonable doubt"); *Leidholt*, 619 P.2d at 769 (noting that the Court "should grant the plaintiff some leeway in establishing his *prima facie* case").

Accordingly, the Court must consider whether Plaintiff has made a sufficient showing that Defendant was "conscious of his conduct and the existing conditions and knew or should have known that injury would result" in order to determine whether Plaintiff may be allowed to include a claim for exemplary damages. *Coors*, 112 P.3d at 66.  Plaintiff claims that Defendant's act of allegedly causing the accident, his failure to stop at the scene of the

accident, his denial of involvement and failure to accept responsibility for the accident when eventually apprehended, and his plea of guilty to the charge of reckless driving are evidence of "willful and wanton conduct" sufficient to permit Plaintiff to add a claim for exemplary damages.  In support, Plaintiff provides the State of Colorado Traffic Accident Report (the "Accident Report"), witness statements contained in the Accident Report and the transcript of the hearing at which Defendant pled guilty to the criminal charge of reckless driving.  *See* Exhibit 1, Exhibit 2, Motion to Amend Complaint, Docket No. 19-2. Defendant counters that Plaintiff's evidence does not demonstrate that Defendant possessed the necessary purposeful mental state to support a claim for exemplary damages, that the Court cannot consider Defendant's guilty plea, and that amendment is not warranted because the deterrence purpose of exemplary damages already has been met.

Considering that Plaintiff's evidence must be viewed in the light most favorable to her, *E&S Liquors, Inc., supra,* and that leave to amend should be freely granted, Fed. R. Civ. P. 15(a), the Court finds that Plaintiff has provided sufficient evidence to make out a *prima facie* case of willful and wanton behavior for the purposes of allowing Plaintiff to add a claim for exemplary damages.  In particular, the Court considers Plaintiff's evidence regarding the nature of Defendant's driving and that he left the scene of the accident to be demonstrative of Defendant's willful and wanton conduct.

According to Plaintiff's evidence, Defendant failed to stop after the accident and continued to deny involvement when stopped by law enforcement, although damage to his car suggested that he was involved.  *See Exhibit 2* [#19-2].  Taking this evidence in the light most favorable to Plaintiff, Defendant's act of leaving the scene of the accident and denial

of involvement to law enforcement demonstrate his reckless disregard for Plaintiff's rights. *See Jones v. Cruzan*, 33 P.3d 1262, 1264 (Colo. App. 2001) (finding admissible and persuasive evidence that defendant left scene of car accident as defendant's "entire course of conduct, including the portion that occurred after the accident, tended to show that defendant had been operating his vehicle heedlessly, recklessly, and without regard to the consequences or the safety of others").

The account of the accident in the Accident Report also supports Plaintiff's argument that Defendant's driving was itself reckless and heedless of her rights.  The Accident Report relates that Plaintiff's car "slowed down and pulled to the right of the . . . lane" and that Defendant "was following behind and collided with [Plaintiff's car's] rear."  *Exhibit 2* [#19-2].  Although Defendant contends that he was not driving recklessly because a third party who was driving a car between his and Plaintiff's cars swerved suddenly to avoid hitting Plaintiff and Defendant reacted as well as he could, this account is at odds with the Accident Report's description.  As stated earlier, the Court considers the evidence in the light most favorable to Plaintiff.  *E&S Liquors, Inc., supra.*  Notably, the Accident Report includes no mention of a third car between Defendant's and Plaintiff's vehicles. *Exhibit 2* [#19-2].

Defendant argues that Plaintiff's evidence does not show that Defendant acted with the necessary intent. The Court disagrees. In order to demonstrate the intent required by the statute, "[t]he act causing the injuries must be done with an evil intent and with the purpose of injuring the plaintiff, *or with such a wanton and reckless disregard of his rights as evidences a wrongful motive.*"   *Frick v. Abell*, 602 P.2d 852, 854 (1979) (emphasis added).   As discussed above, the Court finds that Plaintiff's evidence adequately

demonstrates that Defendant may have acted with a reckless disregard for Plaintiff's rights.

The Court makes this determination without considering Defendant's conviction for reckless driving. Citing COLO.REV.STAT. § 16-7-303, Defendant maintains that the Court cannot consider "the fact that Defendant accepted a plea bargain to dispose of criminal charges resulting from the subject accident."[1] *Response* [#22] at 3. In her reply, Plaintiff argues only that Defendant pled guilty to reckless driving, prohibited by COLO.REV.STAT. § 42-2-1401(1), and the offense of reckless driving is more serious than the careless driving offense with which Defendant originally was charged. To the extent that Plaintiff presents evidence of the details of the plea agreement as evidence of willful and wanton conduct, the Court does not consider it. Neither party addresses whether the fact of the conviction itself is admissible. Regardless, the Court does not consider it, as even without the evidence of the conviction or the plea agreement, Plaintiff's showing is sufficient to allow her to amend her Complaint. *But see Bullock v. Wayne*, 623 F.Supp.2d 1247, 1253-56 (D. Colo. 2009) (finding defendant's conviction of traffic offense inadmissible in federal court in diversity action pursuant to COLO.REV.STAT. § 42-4-1713 (2006) which provides that "no record of the conviction of any person for any violation of [article 4 of title 42] shall be admissible as evidence in any court in any civil action").

Defendant's argument that the Court must refuse amendment because the deterrent purpose of an exemplary damages award has been met is unpersuasive.

---

[1] COLO.REV.STAT. § 16-7-303 (2006) provides:
Fact of discussion and agreement not admissible. Except as to proceedings resulting from a plea of guilty or nolo contendere (no contest) which is not withdrawn, the fact that the defendant or his defense counsel and the district attorney engaged in plea discussions or made a plea agreement shall not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceeding.

Specifically, the statute provides that an *award* of exemplary damages may be disallowed where the Court finds that "[t]he deterrent effect of the damages has been accomplished; . . . [t]he conduct which resulted in the award has ceased; or . . . [t]he purpose of such damages has otherwise been served." COLO.REV.STAT. § 13-21-102(2) (2006). Defendant neither cites case law nor makes other adequate argument to support his assertion that it is appropriate for the Court to deny Plaintiff's request to add a claim for exemplary damages because such an award may be disallowed upon trial of the matter. A determination of the propriety of an exemplary damages award pursuant to section 13-21-102(2) is not properly made at this stage of the litigation. *See, e.g.*, *Am. Econ. Ins. Co.*, 2007 WL 160951, at *4 (emphasizing that in resolving request to amend under section 13-21-102, concerned with only the "preliminary question" of whether moving party made *prima facie* case). Accordingly, the Motion to Amend Complaint is **GRANTED**.

## III.    Defendant's Motion to Amend Answer

Defendant requests permission to amend his Answer to include the affirmative defense of comparative negligence.[2]

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. Rule 15(a) directs that "[t]he court should freely give leave when justice so requires." The decision to allow a party to amend rests within the sound discretion of the Court. *Foman v. Davis*, 371 U .S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir.1998). "If

---

[2] As discussed above, Plaintiff has filed a proposed Amended Complaint attached to her Motion to Amend Complaint. In paragraph 1 of his Amended Answer, Defendant states that he is denying the allegations of paragraph 1 of the "Amended Complaint." All other references in the Amended Answer are to the original Complaint. For this reason, a further Answer to the Amended Complaint should be filed. *See infra* at p. 10.

the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

"The most important[ ] factor in deciding a motion to amend pleadings[ ] is whether the amendment would prejudice the nonmoving party." *Arapahoe County Water*, 2009 WL 3158160, at *1 (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006)). Here, Defendant's request is timely. Plaintiff opposes the Motion on the grounds that Defendant's proposed Amended Answer is "defective" because it omits responses to paragraph 3 of Plaintiff's Complaint, which Plaintiff describes as relating to jurisdiction, and paragraphs 7 and 8, which Plaintiff describes as relating to Plaintiff's factual allegations. Plaintiff argues she is prejudiced because "[w]ithout a complete Answer there exists the possibility of surprise." *Response* [#24] at 1. Notably, Plaintiff makes no argument regarding Defendant's alleged undue delay, bad faith or dilatory motive, the futility of the amendment, or any *undue* prejudice resulting from it.

The Court is not persuaded that Plaintiff is prejudiced by the omissions in Defendant's Amended Answer. First, Plaintiff mis-characterizes the contents of those paragraphs. Paragraph 3 does not relate to jurisdiction but simply states: "All preceding allegations are incorporated herein by reference." Complaint, Docket No. 1, at ¶ 3. Paragraph 8, similarly, is within Plaintiff's First Claim for Relief and states that all preceding allegations are incorporated by reference. *Id.* at ¶ 8. Paragraph 7 contains the general

allegation that Defendant's driving was the direct and proximate cause of Plaintiff's injuries, and Defendant denies the more specific allegations set out in the paragraphs stating Plaintiff's claims for relief.  *See* Defendant Steve Romero, Jr.'s Amended Answer to Complaint and Jury Demand, Docket No. 21-2, at ¶¶ 5, 6, 8, 9,11-14.  Further, upon review of Defendant's originally filed Answer, the Court finds that it similarly omitted any response to paragraphs 3, 7, and 8.  *See* Defendant Steve Romero, Jr.'s Answer to Complaint and Jury Demand, Docket No. 11.   Second, any minor omissions can – and should  – be corrected by filing a further response to Plaintiff's Amended Complaint.  Accordingly, the Motion to Amend Answer is **GRANTED**.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Amend Complaint [#19] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Amended Complaint [Docket No. 19-2, pp.13-19] for filing as of the date of this Order.  The Clerk shall file Docket No. 19-2, pp. 13-19, as a separate document entitled "First Amended Complaint."

IT IS FURTHER **ORDERED** that the Motion to Amend Answer [#21] is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to Plaintiff's Amended Complaint on or before **February 24, 2010**.

Dated:  February 3, 2010

BY THE COURT:

s/ Kristen L. Mix
KRISTEN L. MIX
United States Magistrate Judge